UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

| | |
|---|---|
| **PNS CLEARANCE LLC,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Court No. 24-44<br>) |
| **UNITED STATES,** | ) Before: Unassigned<br>) |
| Defendant. | )<br>)<br>) |

# COMPLAINT

Plaintiff, PNS Clearance LLC ("PNS Clearance"), by and through its counsel, hereby alleges and states as follows:

## NATURE OF THE ACTION

1. Plaintiff challenges the denial of 46 Protests, *see* Form 1-Summons at Schedule of Protests, by U.S. Customs and Border Protection ("CBP") and contests CBP's May 12, 2023 liquidation of 227 entries of imported quartz surface products at an antidumping ("AD") duty rate of 1.02% instead of the 0.0% rate assigned in the U.S. Department of Commerce's ("Commerce") corresponding administrative review, reflected in Message 3346404, and confirmed by relevant CBP officials. *See* Memo from T.J. Worthington to the File, *Administrative Review of the Antidumping Duty Order on Certain Quartz Surface Products from India: Pokarna Liquidation Instructions*, Inv. No A-533-889 (Dec. 12, 2023) (hereinafter "Message 3346404").

1

## JURISDICTION

2. This Court has exclusive jurisdiction pursuant to 28 U.S.C. § 1581(a) as this civil action contests the denial of Plaintiff's protests.

## THE PARTIES AND STANDING

3. Plaintiff PNS Clearance is the importer of record of the merchandise that is the subject of this action.

4. Plaintiff, itself and through its import broker Strix LLC, filed 46 protests against CBP's May 12, 2023 liquidation of 227 of its entries at a 1.02% AD rate. Ten of Plaintiff's protests were filed on May 19, 2023, and the remaining 36 protests were filed on May 24, 2023. The protests were timely filed with CBP with its Industrial and Manufacturing Materials Center of Excellence (Center CEE009). *See* Form 1-Summons at Schedule of Protests.

5. CBP denied 44 protests on August 21, 2023 and denied the two remaining protests on November 7, 2023.

6. Plaintiff paid all AD duties and interest charges incorrectly imposed on it by CBP for the 227 entries in question on November 16, 2023.

7. Plaintiff therefore has standing to bring this action pursuant to 28 U.S.C. § 2631(a) because PNS Clearance is the entity who protested the liquidations pursuant to Section 514 of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1514.

8. Defendant United States, U.S. Customs and Border Protection, is the party that denied the protest contested herein and is the statutory defendant under 28 U.S.C. § 2631(a).

## TIMELINESS OF THIS ACTION

9. Pursuant to 28 U.S.C § 2636(a), appeals of protest denials must be commenced within 180 days from the date on which CBP denied Plaintiff's protests.

10. CBP denied Plaintiff's protests on August 21 and November 7, 2023, and this action challenging all protest denials is being commenced on February 14, 2024. Accordingly, Plaintiff's appeal to this Court challenging CBP's protest denials is timely filed because it is being commenced within 180 days of CBP providing notice of protest denials.

11. PNS Clearance protested CBP's May 12, 2023 decisions to liquidate 227 of PNS Clearance's entries of quartz surface products at an AD duty rate of 1.02%. Pursuant to 19 U.S.C. § 1514(c)(3), protests must be filed within 180 days of either (A) liquidation, or (B) in circumstances where no liquidation has occurred, such as "the date of the decision as to which protest is made." 19 U.S.C. § 1514(c)(3); 19 C.F.R. § 174.12(e)(2). PNS Clearance filed its protests of these May 12, 2023 liquidations within 180 days of their issuance, on May 19, 2023 and May 24, 2023. *See* Form 1-Summons at Schedule of Protests. Accordingly, Plaintiff's protests challenging CBP's liquidation at an AD duty rate of 1.02% were timely filed.

## FACTUAL BACKGROUND AND MERCHANDISE AT ISSUE

12. The merchandise at issue are certain quartz surface products produced and exported by Pokarna Engineered Stone Limited ("PESL") in India and sold to M S International, Inc. ("MSI") during Commerce's first administrative review of quartz surface products from India (December 13, 2019 to May 31, 2021).

13. PNS Clearance acted as the importer of record but, as reflected in the invoices attached to its original protests, MSI was the Customer.

14. On February 16, 2023, Commerce issued Message 3047412 instructing CBP to liquidate entries produced and exported by PESL at 0.0%. *See* Commerce Message 3047412 Liquidation Instructions to CBP for Inv, A-533-889 (Feb. 16, 2023) (hereinafter "Message 3047412"). These instructions directed CBP to liquidate entries at the 0.0% rate if they were

3

imported by or sold to (as indicated on the commercial invoice or Customs documentation) the firms listed therein. *See id.*

15. When these instructions were issued, entries involving MSI during the first review period were suspended pursuant to a judicial injunction. As MSI was a customer of PESL during the first administrative review period, its entries should have been covered by Message 3047412. However, the injunction remained in place at this time.

16. On April 27, 2023, Commerce posted a notice recognizing that this litigation had concluded, and that the injunction was accordingly dissolved. *See* ACCESS Doc. 4370061-01. However, Commerce did not at that time publish instructions to CBP to liquidate PESL's sales to MSI at the appropriate rate of other PESL customers of 0.0%. *See supra* paras. 14-15.

17. Once the injunction was dissolved, CBP on May 12, 2023 began incorrectly liquidating PESL-produced entries sold to MSI but entered by PNS Clearance during the first administrative review period at the all-others rate of 1.02%.

18. On May 19, 2023 and May 24, 2023, PNS Clearance submitted 46 protests challenging the liquidation of 227 of its entries at the 1.02% all-others antidumping rate. *See* Form 1-Summons at Schedule of Protests.

19. CBP denied 44 of these protests on August 21, 2023, and denied the remaining two on November 7, 2023.

20. Soon after the first 44 protests were denied, Plaintiff and its counsel conducted outreach to Commerce in September 2023 asking for clarifying instructions that identified MSI as a customer of PESL entitled to the corresponding 0.0% AD duty rate for PESL sales to known customers during the first administrative review period.

21. In response, Commerce in September 2023 communicated to both counsel to

4

Plaintiff and CBP (specifically, Alexander Amdur, Director of AD/CVD Policy and Programs Division) that these liquidation instructions were forthcoming and that the entries in question should not have liquidated.

22. Given these developments, Plaintiff submitted applications for further review ("AFR") of all 46 of its denied and open protests on October 23, October 25, and October 26, 2023 pursuant to 19 CFR § 174.24(b) and in accordance with the requirements set out by 19 CFR § 174.25. Plaintiff sought further review because CBP had not yet considered or ruled upon these instructions and should have awaited further instruction from Commerce before determining the final assessment of the 227 entries at issue.

23. On December 12, 2023, Commerce issued long-awaited instructions in Message 3346404 clarifying the liquidation rate for PESL-produced entries. *See* Commerce Message 3346404.

24. Officials at Commerce and CBP subsequently confirmed that these new Commerce instructions applied to the 227 PNS Clearance entries that were liquidated on May 12, 2023 and are at issue here. CBP has also approved certain PNS Clearance protests, including, for instance, approving a protest on February 7, 2024 that Plaintiff filed on May 23, 2023 on the same grounds as the 46 protests at issue here.

25. With respect to the entries subject to this Complaint, CBP concluded on January 5, 2024 that: "Although the new {Commerce} Message does apply to the entries in question, the denial of the protests will remain as final" because CBP was not able to revisit the protests it denied on August 21, 2023 and November 7, 2023 in light of these new instructions.

26. Given CBP's inability to revisit its protest denial in light of Commerce's December 12, 2023 Message and new liquidation instructions, this appeal followed.

**STATEMENT OF CLAIM**

27. Plaintiff incorporates by reference paragraphs 1-26 of this Complaint.

28. CBP's denial of Plaintiffs' protest was unlawful because the 227 entries of quartz surface products at issue fall squarely within the parameters of Commerce's instructions in Message 3346404. Both Commerce and CBP have confirmed in various communications with Plaintiff and its counsel that this is the case. CBP thus has no legal or factual basis for having liquidated at the 1.02% all-others rate. Accordingly, Plaintiff is entitled to a refund commensurate to liquidation at the proper rate plus interest as provided by law upon re-liquidation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court render judgment against Defendant, order (i) the refund of AD duty rates paid on the entries in question, and (ii) the payment at the time of re-liquidation of applicable interest thereon pursuant to 19 C.F.R. § 24.36, and grant such other and further relief as the Court shall deem just and proper.

Respectfully submitted,

/s/ Jared R. Wessel
Jared R. Wessel
Jonathan T. Stoel
Nicholas R. Sparks

**HOGAN LOVELLS US LLP**
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-6472
jared.wessel@hoganlovells.com

*Counsel to PNS Clearance LLC*

Dated: February 14, 2024